IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREA D'ALESSIO AND<br>SHANNON D'ALESSIO | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | |
| SELECTIVE INSURANCE COMPANY<br>OF THE SOUTHEAST | : <br> : | NO. 07-3483 |

## ORDER-MEMORANDUM

**AND NOW**, this 8th day of August, 2008, upon consideration of Defendant's Motion for Summary Judgment (Docket No. 12) and Plaintiff's response thereto, **IT IS HEREBY ORDERED** that said Motion is **GRANTED**.

I.  BACKGROUND

Plaintiffs, holders of Standard Flood Insurance Policy ("SFIP") number FLD1142376 (the "Policy"), have brought this action against their insurance company, Selective Insurance Company of the Southeast ("Selective"), for breach of contract. (Compl. ¶¶ 2, 8). Plaintiffs assert that Selective has failed to pay benefits due them under the Policy for a flood loss suffered while the Policy was in effect. (Compl. ¶ 9.) Selective is a Write Your Own ("WYO") program carrier participant in the National Flood Insurance Program ("NFIP") authorized by 42 U.S.C. § 4001, et seq., and governed by 44 C.F.R. § 61. (Gangemi Aff. ¶ 3.) Article VII(J)(4) of the SFIP requires that an insured make a claim for damages arising from a flood and provide proof of loss to his or her WYO carrier within 60 days of suffering a covered loss. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4).

Plaintiffs suffered a flood loss on June 27, 2006 and filed a claim for benefits under the Policy. (Gangemi Aff. ¶ 4.) Selective assigned an independent adjuster to assist Plaintiffs. (Id. ¶ 5.) It is undisputed that the independent adjuster, Bill Lowrimore, determined the amount of loss

to be $34,404.74, after depreciation and deductible. (Def. Mem. of Law 2-3; Pls. Mem. of Law 2.) Plaintiffs then hired the Alliance Adjustment Group ("Alliance"), which submitted a proof of loss for that amount on behalf of Plaintiffs within the required 60 day time frame required by the SFIP. (Pls. Ex. B.) Selective paid Plaintiffs $34,408.74 for their covered loss under the Policy. (Gangemi Aff. ¶ 10.)

James Wagner, a licensed public adjuster, subsequently estimated that the total property damages suffered by Plaintiffs as a result of the flood amounted to $262,159.47, plus emergency cleanup costs of $20,150.57. (Pls. Exs. C, D.) Plaintiffs admit that they did not submit a signed and sworn proof of loss for that amount to Selective within the 60 day period required by the SFIP. (Pls. Mem. at 3.) Despite their failure to send Selective an additional proof of loss, Plaintiffs sought payment of their remaining loss from Selective. (Gangemi Aff. ¶ 11.) Selective refused to pay any additional loss (Id.; Pls. Ex. E.) Selective seeks the entry of Summary Judgment in its favor on the ground that Plaintiffs are not entitled to any further payments under the policy because they failed to comply with the 60 day time period for submitting a proof of loss required by the SFIP Article VII(J).

II.     LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

III. DISCUSSION

The federal regulations governing the NFIP require an insured to "[w]ithin 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy. . . ." 44 C.F.R., Pt. 61 App. (A)(1), Art. VII(J)(4). The United States Court of Appeals for the Third Circuit has instructed that "[b]ecause any claim paid by a WYO Company is a direct charge to the United States Treasury, strict adherence to the conditions precedent to payment is required. Soupys v. Omaha Property & Casualty, 404 F.3d 805, 809 (3d Cir. 2005) (citation omitted). The Third Circuit further instructs that:

> [s]trictly construed, the SFIP clearly and unambiguously requires that proof of loss be submitted by the insured within 60 days of the claimed flood loss. The SFIP places the onus on the insured to file the proof of loss within 60 days regardless of the representations and assistance, or lack thereof, provided by the insurer or its adjuster.

3

Id. at 810 (citation omitted). Plaintiffs do not deny that they failed to meet their burden of submitting proof of their total loss as calculated by Alliance within 60 days.

Plaintiffs argue that their failure to comply with the regulations governing proof of loss should not bar their claim for additional flood insurance benefits because the regulations do not require that an insured file a second proof of loss for any additional claims. Plaintiffs also argue that, as a general rule, WYO companies pay additional claims after the 60 day requirement and, accordingly, Selective should be estopped from asserting SFIP Artcle VII(J)(4) in this case. Plaintiffs, however, have provided us with no support for their assertion that the 60 day requirement does not apply to claims of loss made after an initial proof of loss has been made to the WYO carrier, and we have found none. To the contrary, this argument has been rejected by the courts that have considered it.

This argument was asserted in, and rejected by Petersen v. Nat'l Flood Ins. Program, 200 F. Supp. 2d 499 (E.D. Pa. 2002). The Petersens' WYO carrier rejected their claim for erosion damage and the Petersens brought suit. The Petersens had not included their claim for erosion damage in their Proof of Loss, but asserted it in a letter sent to their carrier as a claim for supplemental damages. Id. at 504. The Petersen court found, as a matter of law, that the Petersens could not prevail on this claim because they "never submitted a proof of loss for this erosion damage by including an estimate of the value or replacement cost attributable to those damages. Because the plaintiffs failed to satisfy a condition precedent to recovery, and do not dispute their failure to do so, as a matter of law, they cannot prevail on their claim." Id. The Peterson court further found that "[e]ven if they had only discovered the damage after filing their original proof of loss and receiving payment, the law does not

excuse them from complying with the SFIP's requirements. Because they accepted payment on their claim and did not contest the amount of settlement at that time, plaintiffs may not make an additional claim." Id. at 506.

This argument was also asserted and rejected by Sodi v. Selective Insurance Company of America, Civ. A. No. 06-2573 (JAP), 2008 U.S. Dist. LEXIS 2214 (D.N.J. Jan. 11, 2008). Nearly a year after Selective paid Sodi's proof of claim under his SFIP policy, he discovered additional damage to his covered property. Id. at *2-*3. Sodi's public adjuster asked Selective to reopen his claim for benefits under his SFIP policy. Id. Selective denied Sodi's request for supplemental damages and Sodi filed suit against Selective for breach of his SFIP policy. Id. at *4. Nearly a year after filing suit, Sodi filed a proof of loss for the supplemental damages. Id. Selective then moved for summary judgment on the ground that Sodi could not claim additional coverage under his SFIP policy because he had not filed a timely proof of loss for that damage. Id. at *5. The Sodi court rejected Sodi's argument that he was not required to file a second proof of loss because he merely sought to amend his original claim. Id. at *9. The Sodi court found that "the uncontested fact that [Sodi] failed to timely submit a Proof of Loss form to Selective in respect of the alleged additional damage--a condition precedent to Selective's obligations under the SFIP--precludes Sodi's claim for benefits as a matter of law." Id. at *11.

We agree with the reasoning of the Petersen and Sodi courts. Plaintiffs failed to comply with a condition precedent to the recovery of insurance benefits from Selective which, we have been instructed, must be strictly construed. They cannot, therefore, prevail on their claim for breach of contract.

Plaintiffs' argument that Selective should be estopped from enforcing SFIP Article VII(J)(4) in this case, because WYO companies often pay additional claims after the 60-day requirement has expired, must also be rejected. "[G]eneral doctrines of waiver and estoppel do not apply" to an agent of the United States.[1] Suopys, 404 F.3d at 809 (citation omitted). Further, Plaintiffs cannot rely on any alleged negotiations with Selective as a basis for estoppel because the regulations unambiguously dictate that "a WYO Company may not alter, amend, or waive any provision or condition of the SFIP absent express written consent from the Federal Insurance Administrator. . . ." Suopys, 404 F.3d at 810 (citing 44 C.F.R. Pt. 61.13(d)).

We conclude that Selective is entitled to the entry of Summary Judgment in its favor as a matter of law because Plaintiffs have not complied with the strictly construed regulations which define the conditions precedent to their claim for relief. The regulations notify the insured that "[y]ou may not sue us to recover money under this policy unless you have complied with all requirements of the policy." 44 C.F.R. Pt. 61 App. A(1), Art. VII(R). As there are no genuine issues of material fact regarding Plaintiffs' failure to comply with the requirements, the Motion is granted.

> BY THE COURT:
>
> /s/ John R. Padova
>
> _____
> John R. Padova, J.

---

[1] An insurance company that pays claims directly from the federal treasury is an agent of the United States.  See 44 C.F.R. § 62.23(f).